**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juventino SANDOVAL-LOPEZ,**
**Defendant-Appellant.**

**No. 17-30029**

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Matthew F. Duggan, Assistant U.S. Attorney, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee

Matthew Campbell, Assistant Federal Public Defender, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant-Appellant

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Juventino Sandoval-Lopez appeals from the district court's judgment and challenges the 48-month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sandoval-Lopez argues that the district court procedurally erred by failing to ex-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

plain the sentence and address the 18 U.S.C. § 3553(a) factors sufficiently, and by treating the Guidelines as presumptively reasonable. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Sandoval-Lopez's sentencing arguments and adequately explained its reasons for selecting a within-Guidelines term. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court's sentencing remarks indicate that it considered the section 3553(a) factors. *See id.* ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them"). Finally, the district court correctly calculated the Guidelines range and noted the advisory nature of the Guidelines.

Sandoval-Lopez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Sandoval-Lopez's significant criminal and immigration history. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.